UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASEY B.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 3:22-CV-5379-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

    Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB."). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

    After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in evaluating Dr. Grant's medical opinion, and that based on the new evidence submitted to the Appeals Council, the Court is unable to determine whether the ALJ properly evaluated Dr.

Goldstein's opinion and whether the ALJ's ultimate decision of nondisability is supported by substantial evidence.

Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On May 29, 2019, Plaintiff protectively filed for SSI and DIB, alleging disability as of March 1, 2015. *See* Dkt. 18; Administrative Record ("AR") 20, 135, 147, 161, 177. Plaintiff later amended his alleged onset disability to January 10, 2018. AR 20, 95. The applications were denied upon initial administrative review and on reconsideration. *See* AR 145, 157, 175, 191.

ALJ Michael Logan held a hearing on April 27, 2021 and issued a decision on May 14, 2021 finding Plaintiff not disabled from January 10, 2018 through the date of his decision. AR 17-39, 91-132. Plaintiff requested review of the ALJ's decision and submitted additional evidence to the Appeals Council. *See* AR 1-4, 89-90. The Appeals Council denied Plaintiff's request on April 15, 2022, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-4; 20 C.F.R. §§ 404.981, 416.1481. The Appeals Council also declined to exhibit the additional evidence, finding it did not show "a reasonable probability that it would change the outcome of the decision." AR 2.

In Plaintiff's Opening Brief, Plaintiff contends the ALJ erred in evaluating: (1) the medical opinion evidence, and (2) his subjective testimony. Dkt. 18, p. 1. Plaintiff also contends the additional evidence submitted after the ALJ's May 2021 decision undermines the ALJ's finding that Plaintiff was not disabled. *Id*.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.   Whether the ALJ Properly Evaluated Medical Opinion Evidence**

Plaintiff contends the ALJ erred in evaluating the medical opinions of (1) Dr. Grant, (2) Dr. Goldstein, and (3) Dr. Wheeler and Dr. Sanchez. Dkt. 18, pp. 6-16.

Plaintiff filed his applications after March 27, 2017. AR 20, 135, 147, 161, 177. Under the applicable rules, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022). The ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ is specifically required to consider the two most important factors, supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Further, under the new regulations, "an ALJ cannot reject an examining or

treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

**1. Dr. Grant**

Dr. Brenda Grant, Plaintiff's primary care provider since 2018, provided a medical opinion on December 29, 2020. *See* AR 951-54. Dr. Grant opined that based on Plaintiff's history, medical file, and progress notes, Plaintiff has significant limitations in lifting and carrying; can rarely twist, stop, and crouch/squat; can never climb ladders and stairs; and has significant limitations with reaching, handling, or fingering. *See* AR 954. The ALJ discounted Dr. Grant's opinion, finding it inconsistent (1) with Plaintiff's medical record and (2) Plaintiff's activities. *See* AR 29.

With regards to the ALJ's first reason, an ALJ may reasonably reject a doctor's opinions when they are inconsistent with or contradicted by the medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that a treating physician's opinion may properly be rejected where it is contradicted by other medical evidence in the record). Here, in discounting Dr. Grant's opinion, the ALJ cites Plaintiff's foot and physical examinations with normal results and Dr. Grant's notes stating Plaintiff's diabetes was "without complication." *See* AR 882, 1025, 1040. However, normal results from Plaintiff's feet examinations and Plaintiff's lack of diabetic complications do not necessarily undermine Dr. Grant's finding that Plaintiff is significantly limited, especially in using his upper extremity and his hands. The ALJ's citation to Plaintiff's physical examinations is similarly unconvincing, as the exam did not seem to consider Plaintiff's actual physical limitations and only shows Plaintiff's appearance was normal, his mental status alert, and his behavior cooperative. *See* AR 1025. In contrast, Dr. Grant's other treatment notes show Plaintiff was positive for wrist pain and

back pain. *See* AR 49, 1040-41. The Court, therefore, cannot say the ALJ reasonably discounted Dr. Grant's opinion based on its inconsistency with the record.

With regards to the ALJ's second reason, inconsistency with a claimant's activities may serve as a proper basis for rejecting a medical source's opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)). Here, the ALJ points to a statement by Plaintiff that he works out daily for an hour. *See* AR 29, 826. However, the ALJ does not explain how this statement necessarily contradicts Dr. Grant's opinion, especially since the record does not indicate what type of work out Plaintiff engages in, how rigorous it is, and whether Plaintiff continues to engage in this activity. Without more information, this activity does not constitute substantial evidence to support the ALJ's decision to discount Dr. Grant's opinion.

By failing to provide at least one valid reason to discount Dr. Grant's medical opinion, the Court finds the ALJ erred. "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties'

'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

In this case, the ALJ's error was not harmless. Had the ALJ properly evaluated Dr. Grant's medical opinion, the ALJ may have incorporated Plaintiff's limitations into Plaintiff's RFC and thus change the ALJ's decision that Plaintiff was not disabled. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

**2.  Dr. Goldstein**

Dr. Allan Goldstein, a vocational expert, testified that Plaintiff has diabetes and may be dealing with peripheral neuropathy, which interferes with his sitting and standing. *See* AR 119-20. He explained "the exact etiology is unclear," but that it is "reasonable to say [Plaintiff has] diabetic neuropathy." *See* AR 120. The ALJ discounted Dr. Goldstein's opinion, finding it (1) inconsistent with the record, and (2) speculative. *See* AR 29.

As previously stated, an ALJ may reasonably reject a doctor's opinion when it is inconsistent with or contradicted by the medical evidence. *See Batson*, 359 F.3d at 1195. Here, the ALJ points to treatment notes stating Plaintiff's diabetes is "without complication," Plaintiff's examinations showing his feet and range of motion were normal, and a March 2019 letter from an optometrist stating Plaintiff did not have diabetic retinopathy. *See* AR 29 (citing AR 551, 743, 785, 830, 882-83, 890, 1025, 1040, 1057). Yet, some of the physical examination results cited by the ALJ only speak to Plaintiff's appearance, mental status, and cooperative behavior, not his physical impairments, and those that do include physical findings show Plaintiff was positive for pain. *See* AR 743, 1057. The ALJ also cites treatment notes showing Plaintiff's sugar levels were "also only slightly above average" but does not explain how this undermines Dr. Goldstein's opinion. Further, that Plaintiff's diabetic eye examination revealed

no retinopathy does not directly contradict any part of Dr. Goldstein's opinion. An ALJ must set out a "'detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*, 157 F.3d at 725). "'The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.'" *Id.* Because the ALJ has failed to explain the discrepancies between these findings, the ALJ's finding is not substantially supported by the evidence. Thus, in discounting not Dr. Goldstein's opinion based on its inconsistency with the record, the ALJ erred.

With regards to the ALJ's second reason, one of the two most important factors under the new regulations in weighing a medical opinion is the relevant objective medical evidence and supporting explanations provided by the medical source. *See* 20 C.F.R. § 404.1520c, 416.920c(b)(2). Here, the ALJ reasonably pointed out that Dr. Goldstein did not provide clinical findings in forming his opinion and that Dr. Goldstein himself stated he did not "have as clear a picture" regarding Plaintiff's possible neuropathy. *See* AR 121. Given Dr. Goldstein's lack of supporting objective medical evidence and hesitance to affirm a possible diabetic neuropathy diagnosis, the ALJ could reasonably discount Dr. Goldstein's opinion for its lack of persuasiveness. However, new evidence submitted to the Appeals Council after the ALJ issued his decision indicates this finding may not be substantially supported by the evidence, as further discussed below, *see infra*, Section III.

### 3. Dr. Wheeler and Dr. Sanchez

Dr. Kimberly Wheeler performed a psychological evaluation of Plaintiff on May 29, 2019, diagnosing him with generalized anxiety, social anxiety, and meth use disorder in sustained remission. AR 721-25. Based on these diagnoses, Dr. Wheeler opined Plaintiff would

have mild to severe limitations in performing basic work activities. *See* AR 722-25. Dr. Phyllis Sanchez reviewed Dr. Wheeler's opinion in June 2019 and similarly opined that Plaintiff has mild to severe mental limitations in performing basic work activities. *See* AR 726-27.

The ALJ discounted Dr. Wheeler's and Dr. Sanchez's opinions because of their inconsistency with Plaintiff's medical record. *See* AR 29-30. The ALJ first found Plaintiff's lack of treatment and intermittent use of psychotropic medication inconsistent with their opinions. *See* AR 29-30. Plaintiff argues his record showed he was on psychotropic medication, but the cited evidence shows his prescribed medication were mainly for his body pain and diabetes. Dkt. 18, p. 15; AR 425. Plaintiff also points to his use of diclofenac for his agitation and anxiety, but the record shows agitation and anxiety were his reactions to the medication, and that Plaintiff denied feeling nervous, anxious, or not being able to stop or control worrying. *See* Dkt. 18, p. 15; AR 52. The record further shows Plaintiff's judgment, insight, attention span, and ability to concentrate were normal, despite lack of medication, and he denied having mental health symptoms or that they made it difficult for him to work. *See* AR 875, 877, 1043.

In a section titled "Facts from the Medical Evidence" in the ALJ's decision, the ALJ further provided a general assessment of Plaintiff's mental health records. *See* AR 30; *see Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (holding that a court "clearly err[s] by overlooking the ALJ's full explanation"). In that section, the ALJ cites notes from Plaintiff's therapy session where he was found to be logical, coherent, and on target and without issues with his thought process or content of thought, despite his complaints of anxiety. *See* AR 921. Plaintiff's therapy notes also state that Plaintiff would benefit from therapy and that his "unmet need(s) cannot be more appropriately met by any other formal or informal system or support." *See* AR 998.

In sum, the ALJ's assessment of Plaintiff's medical records pertaining to his mental health is supported by substantial evidence. Thus, the Court cannot say the ALJ unreasonably discounted the opinions of Dr. Wheeler and Dr. Sanchez based on their inconsistency with the record. Accordingly, the Court finds the ALJ did not err.

The ALJ also provided other reasons to discount the medical opinions of Dr. Wheeler and Dr. Sanchez. *See* AR 30. But because the ALJ has provided at least one valid reason, supported by substantial evidence, to do so, the Court need not further assess those reasons. Even if those reasons were erroneous, such errors would be harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

## II. Whether the ALJ Erred in Evaluating Plaintiff's Symptom Testimony

Plaintiff testified he is unable to work because of his physical impairments, which include fatigue and numbness in his hands and lower extremities *See* AR 101-04. Plaintiff explained he often drops things when he loses feelings in his hands, his legs and feet swell, he can stand for 10 to 15 minutes at most, and he can only engage in "very little" walking exercises. *See* AR 103-04, 111-12. Plaintiff also testified he is unable to work due to his mental health. *See* AR 106. He explained he has anxiety which prevents him from being around others, he experiences panic attacks, it is hard for him to focus, and he experiences headaches that can last for an hour to a whole day. *See* AR 106-07.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also* Reddick, 157 F.3d at 722 (citing *Bunnell v. Sullivan*, 947 F.2d 343, 346-47 (9th Cir. 1991)). The specific, clear and convincing reasons also

must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601).

Here, the ALJ discounted Plaintiff's testimony, finding that "the record does not support the degree of dysfunction" Plaintiff alleges. *See* AR 27. In discounting Plaintiff's testimony regarding his fatigue, the ALJ found it "more likely that his fatigue is related to his blood sugar levels." *See* AR 27. In discounting Plaintiff's testimony about the numbness and swelling in his hands and feet, the ALJ explained Plaintiff's record shows no indication that he suffers from diabetic neuropathy and instead cites evidence showing Plaintiff's diabetes is without complication. *See id*. Finally, in discounting Plaintiff's testimony about his mental health symptoms, the ALJ pointed to Plaintiff's lack of psychotropic medication. *See id*.

Plaintiff contends the ALJ erred in evaluating his symptom testimony, but fails to make any substantive arguments about the ALJ's evaluation of his testimony about his physical impairments. *See* Dkt. 18, pp. 16-17. The Court will not consider matters that are not "'specifically and distinctly'" argued in Plaintiff's Opening Brief. *Carmickle*, 533 F.3d at 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). Thus, the Court will only address Plaintiff's contention with the ALJ's evaluation of his testimony regarding his mental health impairments.

Plaintiff first argues the ALJ erred in discounting his testimony regarding his anxiety, because contrary to the ALJ's finding that Plaintiff did not take medication, Plaintiff used diclofenac for his anxiety. *See* Dkt. 18, p. 17 (citing AR 52). But as previously stated, the record shows anxiety and agitation were Plaintiff's reactions to the medication and the medication was not *for* his anxiety. As Plaintiff points to no other place in the record to support his argument, the

Court finds the ALJ reasonably rejected Plaintiff's testimony regarding his mental health impairments.

Plaintiff also suggests the ALJ erred by failing to address his medication side effects, which he reported in March 2021. *See* Dkt. 17, p. 17; AR 425. An ALJ may reject a claimant's symptom testimony when the claimant makes inconsistent statements concerning her symptoms. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, the ALJ pointed out that during the hearing, when asked if he has had any side effects from his medications since January 2018, Plaintiff answered that he experienced none. *See* AR 27, 107. Given that Plaintiff himself stated that he does not experience side effects from medication, Plaintiff has failed to allege error with the ALJ's evaluation of his testimony.

### III.  Additional Evidence

Plaintiff contends new evidence submitted to the Appeals Council showing Dr. Grant's diagnosis of Plaintiff with diabetic neuropathy shows the ALJ erred in evaluating Dr. Goldstein's opinion and establishes Plaintiff's disability pursuant to the Medical Vocational Guidelines. *See* Dkt. 18, pp. 5-6.

This Court is required to evaluate the new evidence to determine whether the ALJ's decision is supported by substantial evidence, "so long as the evidence relates to the period on or before the ALJ's decision." *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160-62 (9th Cir. 2012) (citing 20 C.F.R. § 404.970(b)). The evidence submitted by Plaintiff is a check-box questionnaire prepared by Plaintiff's counsel and completed by Dr. Grant. AR 90. The first question asks, "Does [Plaintiff] hold a diagnosis of diabetic neuropathy?" *Id*. For this question, Dr. Grant checked, "YES." The second question asks to "list the medical signs and/or laboratory findings established by medically acceptable clinical or laboratory diagnostic

1  techniques that support the diagnosis of diabetic neuropathy." *Id*. For this question, Dr. Gant
2  checked "Sensory Testing." *See id*.

3      Dr. Grant completed the questionnaire in February 2022, almost a year past the relevant
4  period, thus it does not relate "to the period on or before the ALJ's decision." *See Johnson v.*
5  *Berryhill*, 708 Fed. Appx. 345, 346 (9th Cir. 2017) (finding that new evidence presented to
6  Appeals Council which "post-dates the ALJ's decision not relevant"); *Quesada v. Colvin*, 525
7  Fed. Appx. 627, 630 (9th Cir. 2013) (evidence submitted to Appeals Council "would not have
8  changed the outcome in the case because it post-dated the ALJ's decision and therefore was not
9  relevant."). However, the Ninth Circuit has held that "medical evaluations made after the
10  expiration of a claimant's insured status are relevant to an evaluation of the preexpiration
11  condition." *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995).

12      While the questionnaire clearly shows Dr. Grant's diagnosis of Plaintiff's diabetic
13  neuropathy, it does not clearly show whether her diagnosis was made based on a "preexpiration
14  condition." *See id*. Further, that Dr. Grant has been Plaintiff's physician since 2018 does not
15  show this diagnosis is retrospective in nature. It is not possible based on the record before the
16  Court to determine whether this new evidence pertains to the relevant period at issue. Therefore,
17  the Court is unable to determine whether the ALJ properly evaluated Dr. Goldstein's opinion and
18  whether the ALJ's ultimate decision of nondisability was supported with substantial evidence.

19      **IV.   Remedy**

20      The Court may remand a case "either for additional evidence and findings or to award
21  benefits." *Smolen*, 80 F.3d at 1292. The Court may also remand for further proceedings "'when
22  the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within
23  the meaning of the Social Security Act.'" *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)
24

(quoting *Garrison*, 759 F.3d at 1021). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

The Court has determined the ALJ erred in evaluating Dr. Grant's medical opinion. But the Court is also unable to determine based on the new evidence submitted to the Appeals Council whether the ALJ properly evaluated Dr. Goldstein's opinion and whether the ALJ's ultimate decision of nondisability is supported by substantial evidence. As the "record as a whole creates serious doubt" as to Plaintiff's disability during the relevant period, the Court finds the proper remedy is to remand for further proceedings.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and remanded for further administrative proceedings.

Dated this 6th day of December, 2022.

David W. Christel
United States Magistrate Judge